

P-Send "0"

FILED
JAN - 4 2006
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEPHEN C. JOHNSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>W.J. SULLIVAN, Warden,<br><br>　　　　Respondent. | Case No. CV 04-7923-ABC (MLG)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |



DOCKETED ON CM
JAN - 4 2006
BY _____ 040

I.   **Factual and Procedural Background**

　　Petitioner is a state prisoner. On September 25, 2002, Petitioner was convicted, following jury trial in the Los Angeles County Superior Court, of first degree murder with a special circumstance of robbery-murder (Cal. Penal Code §§ 187(a), 190.2(a)(17)), robbery (Cal. Pen. Code, § 211), and attempted robbery (Cal. Pen. Code, §§ 211 and 664), with findings that Petitioner was armed (Pen. Code, § 12022(a)(1)), that Petitioner personally and intentionally discharged a firearm (Pen. Code, § 12022.53(c)), and that Petitioner personally used a firearm (Pen. Code, § 12022.53(b), 12022.5(a)(1)). On January 7, 2003, Petitioner was sentenced to a term of fifty-seven years to life in state prison with the


possibility of parole.

Petitioner appealed his conviction to the California Court of Appeal on September 25, 2003, alleging, among other claims, that his trial counsel was ineffective for failing to move to exclude his confession on the basis that it was involuntary and that his prison term constituted cruel and unusual punishment under the Eighth Amendment. (See Answer, Ex. B). The court of appeal rejected his contentions and affirmed his conviction and sentence in an opinion filed March 22, 2004. (Answer, Ex. C). Petitioner filed a Petition for Rehearing in the California Court of Appeal on April 1, 2004 (Answer, Ex. D), which was denied on April 6, 2004. (Answer, Ex. E). Petitioner, through appointed counsel, filed a Petition for Review with the California Supreme Court on April 27, 2004 containing three claims, including the ineffective assistance claim and the cruel and unusual punishment claim. (Answer, Ex. F). That petition was summarily denied on June 9, 2004. (Answer, Ex. G).

Petitioner filed this petition for writ of habeas corpus on September 23, 2004, in which he raises two claims for relief: (1) that his confession was involuntary in violation of his rights under the Fifth and Fourteenth Amendments to the Constitution, and (2) that his sentence constitutes cruel and unusual punishment in violation of federal and state constitutions. (Pet. at 5). Respondent filed an Answer on December 27, 2004, asserting that the petition should be dismissed due to Petitioner's failure to present and exhaust the involuntary confession claim in state court. Petitioner filed a Traverse on January 7, 2005. On January 10, 2005, this Court issued an order stating that it would address both the exhaustion issue and the merits in a single opinion and ordered supplemental briefing on

the merits.

On February 11, 2005, Petitioner filed a motion to "hold federal habeas petition to exhaust state remedies". On February 15, 2005, the Court denied the motion without prejudice, stating that it would evaluate whether all claims in the petition had been exhausted and whether exhaustion should be deemed unnecessary pursuant to 28 U.S.C. §2254(b)(2) in its decision on the merits of the petition. Respondent then filed a Supplemental Answer on April 5, 2005 addressing the merits of Petitioner's claims. Petitioner filed a Supplemental Traverse on April 15, 2005.

On May 25, 2005, the court *sua sponte* reconsidered the motion to stay proceedings. This was prompted by the decision of the United States Court of Appeals for the Ninth Circuit in *Cassett v. Stewart*, 406 F.3d 614, 623 (9th Cir. 2005), holding that "a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim". The Court found Petitioner's involuntary confession claim to be "colorable", and further found that the petition was a mixed petition, with one exhausted and one unexhausted claim. The Court then directed supplemental briefing on the issue of whether to stay the petition and hold proceedings in abeyance to allow exhaustion of the involuntary confession issue in the state courts.

II. **Discussion**

Petitioner acknowledges that this is a mixed petition and subject to dismissal because his involuntary confession claim is

unexhausted.[1] (Sup. Traverse at 1). He is seeking a stay of proceedings in order to file another habeas petition in the California Supreme Court to exhaust this claim. Respondent opposes the motion to stay and contends that granting a stay would undermine AEDPA's "twin purpose" to streamline and encourage finality of federal habeas proceedings. (Opposition at 2). The Court agrees with Respondent. While there are limited circumstances in which a stay of proceedings of a mixed petition is warranted, this is not such a case. Accordingly, the motion for a stay of proceedings should be denied.

The Supreme Court has recently approved, but limited, the availability of the "stay-and-abey" procedure for mixed petitions, finding it appropriate when "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Rhines v. Weber*, 125 S.Ct. 1528, 1535 (2005) (citing *Rose v. Lundy*, 455 U.S. U.S. 509, 522 (1982)). While the court did not define "plainly meritles", it is this Court's opinion that if the petitioner has stated a "colorable" claim, as defined by *Cassett*, the

---

[1] A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has fully exhausted available state remedies. 28 U.S.C. §§ 2254(b) and (c); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979); *see also Rose v. Lundy*, 455 U.S. 509, 522 (1982). Exhaustion requires that all of the petitioner's contentions be fairly presented to the highest court of the state. *Carothers*, 594 F.2d at 228; *Allbee v. Cupp*, 716 F.2d 635, 636-637 (9th Cir. 1983). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir. 1983).

claim is not plainly meritless within the meaning of *Rhines*. Here, the claim is at least "colorable" and therefore not "plainly meritless." In addition, there is no evidence that Petitioner is engaged in intentionally dilatory litigation tactics.

However, Petitioner has not demonstrated "good cause" for his failure to raise the involuntary confession claim previously in the state courts and thus fails to meet the final prong of the *Rhines* test. In his supplemental pleading, Petitioner puts forth two arguments to demonstrate good cause for the failure to exhaust. He first claims that appellate counsel was ineffective on direct appeal by failing to raise the involuntary confession claim. He also asserts that he did not know that the claim was unexhausted when he filed the instant Petition.[2] (Sup. Traverse June 13, 2005 at 1; Second Sup. Traverse at 3).

Little case law exists to guide a determination of good cause for failure to exhaust in a *Rhines* analysis. *See Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1206 (C.D. Cal. 2005). However, the good cause standard for failure to exhaust may be analogized to the "cause" required to overcome a procedural bar. *Id.* at 1207. A state court decision denying relief based upon independent state procedural grounds may bar federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). However, in limited circumstance, the bar may be excused. If the petitioner has procedurally defaulted a claim, he may escape the consequences of the default by showing either

---

[2] He also expresses his concern that the limitations period will expire if the petition is dismissed or withdrawn. While the concern is justified, the possible expiration of the limitations period does not warrant a stay of proceedings.

"cause" and "actual prejudice," or a miscarriage of justice.[3] *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). Only then will a federal court be able to address the merits of the otherwise defaulted claim. *See Coleman,* 501 U.S. at 730. "Cause" usually means some objective factor external to the petitioner which gave rise to the default. *Id.* at 753 (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 492 (1986)), *Hernandez,* 397 F.Supp.2d at 1207. In this case, Petitioner has failed to demonstrate an external factor, not attributable to him, which provides "good cause" for the failure to exhaust his state remedies on the involuntary confession claim.

As noted, Petitioner contends that his appointed appellate counsel was ineffective in failing, on request for review to the California Supreme Court, to raise the claim that his confession was involuntary. In *Coleman,* the court stated that ineffectiveness of counsel in violation of the Sixth Amendment can constitute the type of "external impediment" that satisfies the "cause" requirement because "'the Sixth Amendment itself requires that responsibility for the default be imputed to the State.'" 501 U.S. at 754 (quoting *Murray,* 477 U.S. at 488).

However, Respondent correctly notes that Petitioner had no right to counsel on this discretionary appeal and thus, no right to effective assistance of counsel. Ineffective assistance of counsel constitutes cause only at those stages of the proceedings where the state has a constitutional responsibility to ensure competent representation. *See Wainwright v. Torna,* 455 U.S. 586 (1982). Under *Coleman,* an error of appellate counsel on a discretionary appeal

---

[3] "Miscarriage of justice" is not at issue in this case.

simply cannot constitute cause to excuse a procedural default in a federal habeas proceeding. Counsel's failure to raise the issue cannot be deemed "good cause" for the failure to exhaust state remedies. This is particularly true where, as here, appellate counsel's conduct did not prevent Petitioner from seeking state habeas relief on the unexhausted claim. *Hernandez*, 397 F.Supp.2d at 1207.

Petitioner's second argument, that he did not realize that the claim was unexhausted, is similarly not sufficient to meet the good cause standard for excusing the failure to exhaust. Under the procedural default analogy, Petitioner's lack of legal knowledge is not "cause" because it is not an objective factor external to petitioner which prevented compliance with the exhaustion requirement. *See Kiber v. Walters*, 220 F.3d 1151, 1153-54 (9th Cir. 2000). Indeed, in the equitable tolling context, it has long been held that a petitioner's ignorance of the law or lack of expertise in the law does not excuse an untimely filing of a habeas corpus petition. *See Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998); *Fisher v. Ramirez-Palmer*, 219 F. Supp. 2d 1076, 1079 (E.D. Cal. 2002); *Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1273 (D. Haw. 1999); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 656 (N.D. Tex. 1998). This same reasoning is applicable here.[4]

\\

---

[4] The Ninth Circuit recently found that "good cause" is less stringent than the "extraordinary circumstances" used in equitable tolling. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). However, a finding that a lack of legal knowledge establishes cause for a failure to exhaust would defeat the purpose of exhaustion as any petitioner could claim lack of knowledge to continually amend their Petition.

7

The court therefore finds that Petitioner has failed to demonstrate good cause for his failure to exhaust the involuntary confession claim presented in his petition. Accordingly the motion to stay and abey this pending exhaustion of the involuntary confession claim in the state courts is denied.

Because this petition is a mixed petition, containing both an exhausted and an unexhausted claim, it is subject to dismissal. 28 U.S.C. § 2254(b) and (c); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979); see *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, Petitioner is not without options. When a mixed petition is filed, a petitioner has the choice of dismissing the petition and returning to state court to exhaust all of his remedies or dismissing the unexhausted claims and submitting only the exhausted claim for consideration. *Jefferson v. Budge*, 419 F.3d 1013, 1014 (9th Cir. 2005). It is therefore recommended that the petition in this case be dismissed without prejudice subject to Petitioner availing himself of one of the two options available to him. These options are:

1. Amend the petition to dismiss claim one, the unexhausted claim. The court will then address the merits of the exhausted claim.

2. Request that the Court dismiss the current petition without prejudice to any right Petitioner may have to file a new petition once available state remedies are exhausted as to all claims. Petitioner is cautioned that 28 U.S.C. § 2244 limits the time period within which a new petition may be filed. He is further cautioned that the time in which this petition has been pending in this court will not be tolled and it appears to this court that a subsequent

petition might very well be time-barred.[5]

Petitioner shall file and serve a written statement setting forth his objections to this Report or his election of option 1 or option 2 no later than February 1, 2006. **Should Petitioner elect either option one or option two, the Report and Recommendation shall be vacated and an order relating to his election shall be entered.**

**If Petitioner does not file a timely response to this order, this Report shall be submitted to the district judge for consideration.**

Dated: January 4, 2006

Marc L. Goldman
United States Magistrate Judge

---

[5] Petitioner also retains the right to file a motion to amend the petition to withdraw the unexhausted claim and add the ineffective assistance claim which was fully exhausted in the state courts. The court will not address at this time whether such a motion would be appropriate or timely under *Mayle v. Felix*, 125 S.Ct. 2562, 2574 (2005).